IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AARON SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 00 C 4297 |
| ) | |
| JOSE HEREDIA #735, EUGENE ) | Judge Moran |
| UFONTI #745, R. VAUCENTO #770, ) | |
| A OCHOA #23, HERMAN DAVILA, and ) | |
| SUSAN WHITE, Individually, ) | |
| ) | |
| Defendants. ) | |

**DOCKETED FEB 0 7 2002**

**FILED JAN 1 5 2002 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT**

**NOTICE OF MOTION**

TO: See the attached Certificate of Service.

**PLEASE TAKE NOTICE** that on the 7th day of February, 2002, at 9:00 a.m., or as soon thereafter as counsel may be heard, I shall appear before the Honorable James B. Moran, or whomever may be sitting in his stead, Room 1843 in the United States District Court for the Northern District of Illinois, Eastern Division, at 219 South Dearborn Street, Chicago, Illinois 60604, and then and there present the attached **DEFENDANT DAVILA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT.**

Respectfully submitted,

JAMES E. RYAN
Attorney General of Illinois

PATRICK J. SOLBERG
MEGHAN O. MAINE
Assistant Attorneys General
Office of the Attorney General
100 W. Randolph St., 13th Flr.
Chicago, Illinois 60601
(312) 814-3654
(312) 814-3711

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a copy of the attached document was served upon the following individual:

Anita Rivkin-Carothers
Anita Rivkin-Carothers & Assoc.
33 N. LaSalle Street
Suite #3300
Chicago, IL 60602

Kurt G. Beranek
Francis P. Kasbohm
Fraterrigo, Beranek, Feiereisel & Kasbohm
55 W. Monroe Street
Suite 3400
Chicago, IL 60603

Paul A. Farahvar
Hartigan & Cuisiner, P.C.
134 N. LaSalle Street
Suite 1800
Chicago, IL 60602

by U. S. Mail, postage prepaid, on this the 15th day of January, 2002.

SmithNOM.wpd\MM.sd

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED FEB 0 7 2002

FILED JAN 1 5 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| AARON SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 4297 |
| v. ) | |
| ) | Judge Moran |
| JOSE HEREDIA #735, EUGENE ) | |
| UFONTI #745, R. VAUCENTO #770, ) | |
| A OCHOA #23, HERMAN DAVILA, and ) | |
| SUSAN WHITE, Individually, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANT DAVILA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

NOW COMES Defendant Herman Davila, by and through his attorney, JAMES E. RYAN, Illinois Attorney General, and respectfully requests this Honorable Court dismiss Plaintiff's Second Amended Complaint pursuant to Fed. R. Civ. Pro. 12(b)(6). In support thereof, Defendant states as follows:

### I. BACKGROUND

This action was originally filed on July 14, 2000, against Defendants other than Herman Davila. On July 26, 2001, a Second Amended Complaint was filed, which added Defendant Davila to this action.

The Second Amended Complaint alleges violations of Plaintiff's rights under 42 U.S.C. §1983 and §1988. Specifically, it is alleged that "on July 13, 1999, Plaintiff, AARON SMITH was leaving the University of Illinois Hospital as a patient, when Defendants Heredia, Ufonti, Vaucento, Ochoa, Herman Davila, and Susan White, University of Illinois Police Officers stopped Plaintiff and struck him, punched him, kicked him and threw him to the ground,"

(Second Amended Complaint, ¶ 6). Plaintiff was then arrested and charged with theft and resisting arrest. (Second Amended Complaint, ¶ 11). Plaintiff was found not guilty of the charges by a jury. (Second Amended Complaint, ¶ 13).

Count I is an excessive force claim, Count II is based on failure to intervene," Count III is a claim for false arrest, and Count IV is a malicious prosecution claim.

## II. ARGUMENT

### A. Defendant Davila Must Be Dismissed From This Action as It Is Outside the Statute of Limitations

The statute of limitations on actions brought under 42 U.S.C. §1983 is to be based on the state statute of limitations for personal injury actions. Wilson v. Garcia, 472, U.S. 261 (1985). Illinois' statute of limitations on such actions is two years. 735 ILCS 5/13-202 (2000).

In the present action, the alleged injury to Plaintiff took place on July 13, 1999. The statute of limitations would thus lapse on July 13, 2001.

Defendant Davila was not named as a Defendant in this action until July 26, 2001, thirteen days past the statute of limitations. This case is therefore untimely and pursuant to Fed.R.Civ.Pro. 12(b)(6), Defendant Davila must be dismissed.

### B. Count IV Must Be Dismissed For Failure to State a Claim

Count IV is a malicious prosecution claim, which alleges that "Defendants proceeded with the charges against Plaintiff, knowing they were false", (Second Amended Complaint, §11).

This action must be dismissed pursuant to Fed.R.Civ.Pro. 12(b)(6), and the Seventh Circuit has recently ruled in Newsome v. McCabe, 2001 WL 771023 (7th Cir. July 11, 2001) that "malicious prosecution is not tenable as an independent constitutional theory..." Id. at *5. The Court found that "... if a plaintiff can establish a violation of the fourth (or any other) amendment

there is nothing but confusion to be gained by calling the legal theory 'malicious prosecution.' " Newsome, 2001 WL 771023, *3. Thus, Count IV, should be dismissed pursuant for failure to state a claim.

### III. CONCLUSION

Defendant Davila respectfully requests this Honorable Court dismiss the Second Amended Complaint against him with prejudice pursuant to Fed.R.Civ.Pro. 12(b)(6).

Respectfully submitted,

JAMES E. RYAN
Illinois Attorney General

MEGHAN O. MAINE
PATRICK J. SOLBERG
Assistant Attorneys General
General Law Bureau
100 West Randolph Street, 13th Floor
Chicago, IL 60601
(312) 814-3711
(312) 814-3654